IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. CR 05-00167 WHA |
| Plaintiff, | |
| v. | **ORDER DENYING MOTIONS TO COMPEL ELECTION BETWEEN COUNTS** |
| EDGAR DIAZ, RICKEY ROLLINS, DON JOHNSON, ROBERT CALLOWAY, DORNELL ELLIS, EMILE FORT, CHRISTOPHER BYES, PARIS RAGLAND, RONNIE CALLOWAY, ALLEN CALLOWAY, and REDACTED DEFENDANTS Nos. ONE & TWO, | |
| Defendants. | |

**INTRODUCTION**

In this action alleging drug, racketeering, firearms and murder conspiracies, as well as substantive offenses, several defendant move for an order requiring the government to choose between counts. Robert Calloway moves for an order compelling the government to elect between counts one and three and between count two, on the one hand, and counts ten and twelve on the other. Defendant Dornell Ellis moves to require election between count two and count twenty-seven. Defendant Rickey Rollins requests an order requiring election between counts two and eighteen. Defendant Emile Fort seeks to have the government compelled to

elect between count two, on the one hand, and counts four, five, seven through nine, fourteen, twenty-six and twenty-seven, on the other hand.*

**STATEMENT**

The second superceding indictment accuses twelve men of crimes related to a purportedly criminal organization, the Down Below Gang. The indictment covers a seven-year period and includes allegations of six murders and six attempted murders. The grand jury accuses the men of three main conspiracies: count one is a drug-dealing conspiracy, count two is a racketeering conspiracy, and count three is a conspiracy to use firearms in connection with the drug-dealing conspiracy. Many of the racketeering acts alleged in the conspiracy do double duty in separate counts that allege independent violations.

**ANALYSIS**

A single offense cannot be charged in more than one count of an indictment. If it is so charged, the indictment violates the rule against multiplicity. Such indictments are defective because they allow the defendant, if convicted on both counts, to suffer multiple punishments for the same crime, in violation of the Double Jeopardy Clause of the Fifth Amendment. *United States v. Stewart*, 420 F.3d 1007, 1012 (9th Cir. 2005).

Robert Calloway argues that counts one and three are multiplicious (Br. 2, Docket No. 406). When an indictment alleges conspiracies in two counts under two separate statutes, it does not suffer from multiplicity if each count requires proof of an additional fact that the other does not. *Albernaz v. United States*, 450 U.S. 333, 339 (1981) (test derived from *Blockburger v. United States*, 284 U.S. 299 (1932)). Movant concedes that under this test, the government cannot be required to elect between counts one and three. He urges, however, the application of a different test for multiplicity. That test was set forth in *Arnold v. United States*, 336 F.2d 347, 350 (9th Cir. 1964). The *Arnold* test, however, only applies when separate counts charge conspiracies under the *same* statute. In the instant action, the conspiracies are under two separate statutes: 21 U.S.C. 846 and 18 U.S.C. 924(o). Movant nevertheless urges use of the

---

* Robert Calloway's motion is joined in by defendants Fort, Ellis, Rollins, Ronnie Calloway, Edgar Diaz and Don Johnson. The motions by Fort and Ellis are joined by Diaz.

*Arnold* test because "[f]or the reasons stated in [*United States v.*] *Bendis*, the *Blockburger* test provides insufficient protection for a defendant's Double Jeopardy rights when multiple conspiracies are charged" (Br. 3, Docket No. 406). *Bendis*, however, stated only that the *Blockburger* test is insufficient when there are "multiple conspiracy charges under the *same* statute." *Bendis,* 681 F.2d 561, 564–65 (9th Cir. 1981) (emphasis added). There is thus no reason to apply *Bendis* here rather than the *Blockburger*/*Albernaz* rule. As conceded by movant, application of the latter decisions requires denial of the motion as to election between these counts.

Movants collectively argue that the government must elect between the racketeering conspiracy alleged in count two, on one hand, and, on the other hand, counts charging offenses that double as predicate acts to the racketeering conspiracy. These latter counts include counts ten and twelve (as argued by Robert Calloway), count twenty-seven (Dornell Ellis and Emile Fort), eighteen (Rickey Rollins) and counts four, five, seven through nine, fourteen and twenty-six (Fort). All of these latter counts allege crimes under 18 U.S.C. 1959(a): (1) murder in aid of racketeering (counts four, seven, eight, ten and twelve), (2) attempted murder in aid of racketeering (counts five, nine and fourteen), (3) threat to commit murder in aid of racketeering (count twenty-six) and (4) conspiracy to murder in aid of racketeering (counts eighteen and twenty-seven).

The only basis on which movant urges the Court to require election is by adopting the reasoning of *United States v. Gardner*, 417 F. Supp. 2d 703 (D. Md. 2006). In *Gardner*, the district court applied *Blockburger* and *Albernaz* to dismiss two counts, each alleging conspiracy to commit murder in aid of racketeering in violation of 18 U.S.C. 1959(a), because they were multiplicious of another count alleging a racketeering conspiracy in violation of 18 U.S.C. 1962(d). *Id.* at 706.

Movants fail to notice that the same issue has been addressed by the Ninth Circuit. In *United States v. Luong*, 393 F.3d 913, 916 (9th Cir. 2004), the court held that, so long as the elements of a predicate conspiracy offense are distinct from the overarching RICO conspiracy, the indictment is valid. That is true here as well. The racketeering-conspiracy statute

3

criminalizes conspiring to conduct an enterprise that engages in a pattern of racketeering activity by committing two or more predicate acts. *Ibid.* It does not require proof of any of the particular violent crimes that underlay the murders, attempted murders, threats to commit murder and conspiracies to commit murder that are alleged in the other counts. Conversely, the counts alleging violent crimes in aid of racketeering do not require proof of an agreement to commit two or more predicate acts, as does the conspiracy count. For these reasons, count two is not multiplicious with any of the following: counts four, five, seven through ten, twelve, fourteen, eighteen, twenty-six and twenty-seven.

## CONCLUSION

For the reasons stated above, the motions to compel the government to elect between counts are **DENIED**.

**IT IS SO ORDERED.**

Dated: June 30, 2006

WILLIAM ALSUP
UNITED STATES DISTRICT JUDGE

4